**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **MAGISTRATE NO.  O5 -166-M** |
| **BLAKE RYAN STEIDLER** | : | |

## GOVERNMENT'S MOTION FOR  PRETRIAL DETENTION

The defendant Blake Ryan Steidler has proven himself to be a dangerous man. After threatening his doctor over the telephone, the defendant built an explosive device out of a CO2 cartridge and gun powder, drove it across state lines, and mailed it to the doctor in Illinois. The defendant thereafter confessed to authorities that he designed the explosive device specifically to burn the doctor's hands.   The defendant has written that his purpose in life is to harm the doctor, and he has proven himself capable of building a device to do so.  In sum, the government has collected powerful evidence that the defendant committed the charged offenses and that he poses a most serious danger to the community.

Because no condition or combination of conditions will reasonably assure the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

I.      **THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

A.      **Probable Cause And The Evidence In This Case**

1.      There is probable cause to believe that the defendant has violated Title 18 United States Code, Sections 844(d) and (e), as charged in the criminal complaint filed on February 14, 2005.

2.      The evidence in this case is strong.

a.      On February 12, 2005, the defendant called 911 and reported that he had placed an explosive device in a mailbox in Ohio.  He described the device as being a 4" x 4" jewelry box that was comprised of a $CO_2$ cartridge and black gun powder, designed to ignite once the box was opened.

b.      A parcel matching defendant's description was recovered by U.S. Postal Inspectors in Youngstown, Ohio.  A bomb squad confirmed the nature of the device and disrupted the device before it hurt anyone.

c.      When brought in for questioning, the defendant admitted that he had mailed the device from Ohio to Illinois as an act of revenge against a physician who had performed cosmetic surgery on him

approximately 1 1/2 years earlier, which surgery had resulted in

serious complications.

d.      The defendant also admitted that he had harassed the physician by

telephone until the police ordered him to stop.

e.      Agents searching defendant's home in Pennsylvania recovered

$CO_2$ materials as well as the wires and electrical components

needed to build the explosive device.  Agents also recovered a flyer

depicting the physician,and a piece of paper containing the

physician's address.

**B.      Maximum Penalties**

Defendant currently faces a maximum sentence of ten years of imprisonment.  18

U.S.C. §§ 844(d), (e).   A conservative analysis of the United States Sentencing Guidelines, as

they apply to the charged violations and to other violations likely to be charged,  indicates that

defendant faces at least approximately seven years of of incarceration.

**C.      Other Indications that Defendant Poses a Danger to the Community**

All of the evidence indicates that the defendant is an extremely dangerous man.

After suffering complications from his cosmetic surgery, the defendant began calling and

threatening the surgeon.  When the police ordered him to stop, the defendant wrote and published

on www.poetry.com a poem entitled "The Surgeon's Hands," in which he stated his desire to

ruin the surgeon's hands.  The poem states in part:

> my purpose in life so clear
> refusing to let him rest
> for when I'm on a mission
> I will always do my best
> to kill him is not enough
> for he is already old
> what is worse than being dead
> is putting your life on hold
> his hands I will take from him
> because of his negligence
> and those who ever knew him
> understand why I'm so tense

The defendant's stated mission in life is to deliver to the surgeon a fate worse than death.  And the defendant followed through on his threat, building and then mailing a working explosive device.  Materials to build additional explosive devices were found in the defendant's home.

This poem, combined with statements made by the defendant to law enforcement authorities, indicate that the defendant is a man who follows through on his vengeful feelings without concern over likely consequences.  It is the government's understanding that the defendant's own family fears him.  In this case, the defendant tracked down all of the materials necessary to build a working bomb.  He then built the bomb, drove it out of state so that it could not be traced to him, and then mailed it to the surgeon.  Had the bomb not been located and disupted, serious injury or death could have been caused to the surgeon, his family, his staff, and to postal employees.

II.      **CONCLUSION**

When all these factors are viewed together, it is clear that no condition or combination of conditions will reasonably assure the safety of the community.  WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____

JENNIFER ARBITTIER WILLIAMS
Assistant United States Attorney


Date:   February 17, 2005

-5-

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

    v.                      :        MAGISTRATE NO. O5 -166-M

BLAKE RYAN STEIDLER           :

## PRETRIAL DETENTION ORDER

AND NOW, this     day of February 2005, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the safety of the community. The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1.     There is probable cause to believe that the defendant has violated 18 U.S.C. §§ 844(d) and (e).

2.     The evidence in this case is strong:

        a.     On February 12, 2005, the defendant called 911 and reported that he had placed an explosive device in a mailbox in Ohio. He described the device as being a 4" x 4" jewelry box that was comprised of a $CO_2$ cartridge and black gun powder, designed to ignite once the box was opened.

        b.     A parcel matching defendant's description was recovered by U.S.

Postal Inspectors in Youngstown, Ohio.  A bomb squad confirmed the nature of the device and disrupted the device before it hurt anyone.

c.    When brought in for questioning, the defendant admitted that he had mailed the device from Ohio to Illinois as an act of revenge against a physician who had performed cosmetic surgery on him approximately 1 1/2 years earlier, which surgery had resulted in serious complications.

d.    The defendant also admitted that he had harassed the physician by telephone until the police ordered him to stop.

e.    Agents searching defendant's home in Pennsylvania recovered $CO_2$ materials as well as the wires and electrical components needed to build the explosive device.  Agents also recovered a flyer depicting the physician and a piece of paper containing the physician's address.

3.    The total maximum statutory penalty defendant currently faces is ten years of imprisonment.  18 U.S.C. §§ 844(d), (e).  The estimated guidelines sentence for the charged and other likely offenses is at least approximately seven years.  Accordingly, the defendant has a substantial incentive to flee.

4.    The defendant has indicated – both orally and in writing – that he pre-planned this violent crime with the goal of destroying the physician's hands.  He has proven himself to be a man who follows through on his vengeful feelings without concern over likely

-2-

consequences.  Had the bomb not been located and disrupted, serious injury or death could have been caused to the surgeon, his family, his staff, and to postal employees.

5.     The strength and nature of the case against the defendant, combined with his history of vengeful feelings directed towards the intended target of this offense, clearly establish the defendant's danger to the community.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE CHARLES B. SMITH
United States Magistrate Judge

-3-

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention and

Proposed Order were served by facsimils on the following defense counsel:

> Maranna Meehan, Esquire
> Defender Association of Philadelphia
> 601 Walnut Street
> Suite 540 West
> Philadelphia, PA 19106

_____

JENNIFER ARBITTIER WILLIAMS
Assistant United States Attorney

Date:   February 17, 2005